IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LATOYA PIERCE, Administratrix of the )
Estate of N.S., Deceased, )
 )
Plaintiff, )
 )          Civil Action No. 3:21-cv-197
vs. )          Judge Stephanie L. Haines
 )
741HUGS902TRUST and EQUITY & HELP, )
INC., )
Defendants. )

## OPINION

Plaintiff Latoya Pierce, Administratrix of the Estate of N.S., Deceased ("Plaintiff")

commenced this action by filing a complaint (ECF No. 5) alleging negligence, wrongful death and

survival claims against Defendants 741HIG902 Trust[1] and Equity & Help, Inc. ("Defendants") for

the death of her minor daughter in a September 2021 house fire at 741 Highland Avenue in

Johnstown, Pennsylvania.   Pending before the Court is Defendants' Motion to Dismiss Plaintiff

Latoya Pierce's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7) (ECF No. 10) wherein

Defendants contend they should be dismissed from this suit under Rule 12(b)(6) as they did not

possess or exercise control over the property at the time of the house fire and/or that the Court

should dismiss the Complaint pursuant to Rule 12(b)(7) for failing to join an indispensable party,

namely, the alleged owner of the property at the time of the fire, non-party Tiffany Jones ("Jones").

On February 11, 2021, Plaintiff filed a Memorandum of Law in Opposition to Defendants'

Motion to Dismiss (ECF No. 13) contending the Court should deny Defendants' Rule 12(b)(6)

---

[1] Defendant 741HIG902 Trust states that it has been incorrectly identified as "741HUGS902
Trust" in the Complaint (ECF No. 5).  Accordingly, the Court will refer to this party as Defendant
741HIG902 Trust herein.

1

motion because Defendants' arguments for dismissal are based on documents extraneous to the pleadings and that the Court should deny Defendants' Rule 12(b)(7) motion because Jones is not an indispensable party. On February 18, 2022, Defendants filed a Reply Brief (ECF No. 16) which asked the Court to consider the extraneous documents as they are integral to Plaintiff's claims in the Complaint, or alternatively, that the Court may take judicial notice of these documents or convert the motion to a Rule 56 motion and enter summary judgment in favor of Defendants. Defendants also argued they would be prejudiced if the Court did not find Jones to be an indispensable party. The matter has been fully briefed and is now ripe for disposition.

For the reasons detailed below, the Court will DENY Defendants' motion (ECF No. 10).

## I. Factual and Procedural Background

The following facts are accepted as true for the purpose of the pending motion to dismiss (ECF No. 10):

According to the Complaint (ECF No. 5), Defendants are in the business of purchasing, rehabilitating, and selling residential properties, which includes "performing due diligence in inspecting the homes" they purchase and a "small Pre-Hab" of the homes to prepare them to be sold to potential buyers (ECF No. 5 at ¶¶2-3). One of these residential properties is located at 741 Highland Avenue, Johnstown, Pennsylvania (the "property"). On September 29, 2021, a fire started at the property, and it rapidly spread through the residence and caused the death of Plaintiff's minor daughter ("Plaintiff's decedent") due to smoke inhalation. *Id.* at ¶¶10-11. Plaintiff pleads the fire is believed to be caused by an arc fault and/or defective wiring. *Id.* at ¶10.

The Complaint asserts Defendants are liable for Plaintiff's decedent's death, alleging a claim of negligence against Defendants at Count I and a survival action and wrongful death claim at Counts II and III respectively. These claims are based on Plaintiff's allegations that Defendants

operated, controlled, leased, inspected, possessed, managed, and/or maintained the property, that Defendants had the duty to keep and maintain the property in a reasonably safe condition, and that Defendants knew or should have known about the dangerous condition on the property. *Id.* at ¶¶8-9, 13-16. Plaintiff also specifically alleges Defendants failed to appropriately inspect and rehabilitate the property and created a dangerous condition on the property by, *inter alia*: failing to ensure the proper installation of fire protection systems; failing to install arc-fault circuit interrupters, arc-fault detection devices, or other mechanisms to guard against fire hazards; and failing to install appropriate electrical wiring. *Id.* at ¶18(a)-(c).

Defendants' Motion to Dismiss Plaintiff Latoya Pierce's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7) (ECF No. 10) attaches a document titled "Affidavit of Austin Kerr" as Exhibit "B" (ECF No. 10-2). The affidavit represents that Austin Kerr is employed as the Senior Vice Present of Administration with Defendant Equity & Help, Inc., and Defendant Equity & Help, Inc. is the trustee for Defendant 741HIG902 Trust. *Id.* at ¶3. Kerr states that, on or about May 1, 2020, Defendant 741HIG902 Trust entered into an installment land contract (referred to as the "ILC") with Tiffany T. Jones for Jones to purchase the property. *Id.* at ¶5. The ILC is attached to Kerr's affidavit as Exhibit "1" (ECF No. 10-2 at pp. 5-12). Kerr's affidavit sets forth that, under the ILC, Jones was in sole possession and control of the property and solely responsible for the maintenance, upkeep, and repair of the property as of May 1, 2020. *Id.* at ¶¶8-9.

## II. Legal Standard

### A. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.   *Id.* at 664.  Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice. *Id.*   To avoid dismissal, plaintiffs "must allege facts to 'nudge [their] claims across the line from conceivable to plausible.'" *Mann v. Brenner,* 375 F. App'x 232, 235 (3d Cir. 2010) (quoting *Bell Atl. v. Twombly,* 550 U.S. at 570).  The question is not whether the claimant "will ultimately prevail…but whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer,* 131 S. Ct. 1289, 1296 (2011) (citation and internal quotation marks omitted).

As to documents extraneous to the complaint, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  In the analysis of a motion to dismiss, the Third Circuit allows district courts to consider documents "attached to or submitted with the complaint, and any 'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *St. Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, No. 18-2157, 2021 U.S. Dist. LEXIS 195881, at *8-9 (E.D. Pa. Oct. 12, 2021) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006)).  However, when matters outside of the pleadings are presented to the court on a Rule 12(b)(6) motion, the court has the discretion to exclude such matters from consideration.

*See* Fed. R. Civ. P. 12(d); *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 905 n.3 (3d Cir. 1997).

### B.  Rule 12(b)(7)

Under Rule 12(b)(7), a defendant may move to dismiss a case for a plaintiff's failure to join a required party pursuant to Rule 19.  As the Third Circuit Court of Appeals has explained, Rule 19 contemplates a two-step analysis: a court must first determine whether a party is necessary to the action and should be joined if feasible under Rule 19(a).  *See Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 404 (3d Cir.1993).  In the event the party should be joined but joinder is not feasible because it would destroy diversity, the court must then determine whether the absent party is indispensable under Rule 19(b).  *Id.*  If the party is indispensable, the action therefore cannot go forward.  *Id.*

As to whether a party is necessary, Rule 19(a)(1) provides in pertinent part that:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if:

(A) in the person's absence complete relief cannot be accorded among those already parties or,

(B) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may

(i)     as a practical matter impair or impede the person's ability to protect that interest, or

(ii)    leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest ...

Under Rule 19(a), the court must first ask whether complete relief can be accorded to the parties to the action in the absence of the unjoined party.  *See Janney*, 11 F. 3d at 405 (3d Cir. 1993).  Completeness is determined on the basis of those persons who are already parties, and not

as between a party and the absent person whose joinder is sought. *Team Angry Filmworks, Inc. v. Geer*, No. 15-1381, 2017 U.S. Dist. LEXIS 41808, at *13 (W.D. Pa. Mar. 23, 2017) (citing *Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 705 (3d Cir. 1996)).  The court must determine whether the prevailing party would receive "hollow relief" were the absent party not joined to the pending action. *Id.*

Where complete relief can be accorded to the existing parties without joining the absent party, the absent party may still be necessary under subsection (a)(1)(B)(i) of the rule if the absent parties claim an interest relating to the subject of the pending action and disposition of the pending action would impede the ability of the absent parties to protect this interest. *Id.*  If a party is not considered necessary under subsection (a)(1)(B)(i), they may still be necessary under subsection (a)(1)(B)(ii) if their absence from the instant action would leave either plaintiff or defendant "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, Known as The Sindia*, 895 F.2d 116, 122 (3d Cir. 1990).

If the party is necessary under Rule 19(a) and joinder is feasible, the party is required and must be joined.  If the absent party is necessary and cannot be joined because it would destroy the diversity of the parties, the court must next determine whether the party is considered "indispensable" under Rule 19(b).  Under Rule 19(b), "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).  There are four considerations that a court must weigh in making an indispensable party determination: "(1) plaintiff's interest in selecting the forum; (2) defendant's interest in avoiding multiple litigation, inconsistent relief or sole liability for a responsibility shared

with others; (3) the interest of the absent yet necessary parties; and (4) the interest of courts and

the public in complete, consistent and effective settlement of controversies." *Alulis v. Container*

*Store, Inc.*, No. 19-2564, 2020 U.S. Dist. LEXIS 88554, at *14 (E.D. Pa. May 20, 2020)

(citing *Fed. Deposit Ins. Corp. v. Bell*, 677 F. Supp. 279, 283 (M.D. Pa. 1987)). The party raising

the defense of failure to join an indispensable party has the burden to show that the person who

is not joined is needed for just adjudication. *Id.* If an absent party is indispensable, the court must

dismiss the action. *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007).

## III. Analysis

Defendants argue they should be dismissed for failure to state a claim under Rule 12(b)(6)

because the ILC establishes that non-party Jones, not Defendants, had exclusive possession and

control of the property, including the responsibility for maintaining and keeping the electrical

system of the property in good repair. Alternatively, they contend the ILC establishes Jones, a

Pennsylvania resident, is an indispensable party to this matter, and so the Complaint should be

dismissed under F.R.C.P. 12(b)(7).

### A. Rule 12(b)(6) Motion

Defendants urge the Court to consider the ILC by arguing the ILC is integral to Plaintiff's

claims in the Complaint, or alternatively, that the Court may take judicial notice of the ILC, or

lastly, convert the motion to a Rule 56 motion and enter summary judgment in favor of Defendants.

Under the integral document exception, a court may take judicial notice of documents that

are "[u]ndisputedly authentic documents integral to or explicitly relied upon in the complaint." *St.*

*Luke's Health Network, Inc. v. Lancaster Gen. Hosp.*, No. 18-2157, 2021 U.S. Dist. LEXIS at *10

(E.D. Pa. Oct. 12, 2021) (internal citation omitted). The policy rationale behind the "integral

document" exception is that "it is not unfair to hold a plaintiff accountable for the contents of

documents it must have used in framing its complaint, nor should a plaintiff be able to evade accountability for such documents simply by not attaching them to his complaint." *Id.* quoting *Schmidt v. Skolas*, 770 F.3d 241, 250 (3d Cir. 2014).

Based on the above standard, the Court will decline to consider the ILC as this document is not integral to Plaintiff's claims against the Defendants. There is no evidence that Plaintiff in any way relied on the ILC in framing her claims or was even in possession of the ILC prior to Defendants attaching it to their motion. There is no evidence the ILC was ever made of public record. Further, Plaintiff asserts Defendants are liable under a number of negligence-based theories, which go beyond the determination of what entity or person owned the property at the time of the fire. Therefore, even if the Court were to consider the ILC, and accept Defendants' interpretation of the conveyance of ownership under the ILC, the ILC is not dispositive of whether Defendants failed to ensure the proper installation of the electrical wiring for the property and appropriate fire protection systems. As pleaded in the Complaint (ECF No. 5), Defendants' repair and rehabilitation of the property and its electrical system would have occurred before the alleged transfer of ownership of the property to Jones under the ILC.

Defendants contend in the alternative that the Court should take judicial notice of the ILC. When ruling on a motion to dismiss, a court may look beyond the pleadings at "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Federal Rule of Evidence 201(b) permits a court to take judicial notice of a fact not subject to reasonable dispute because it: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." F.R.E. 201. A court "must take judicial notice if a party requests it and supplies the court with the

8

necessary information." *Id.*

The Court declines to take judicial notice of the ILC. Notably, Defendants do not seek for the Court to simply take notice of the existence of the ILC, but instead request the Court to accept the truth of the substance of the ILC and find Jones was the lawful owner of the property at the time of the fire. However, Defendants' Affidavit does not provide the Court with enough information to make any legal conclusions relating to the ILC's alleged conveyance of ownership, let alone to find that Jones, not Defendants, bears sole liability in this matter.

Defendants lastly argue the Court should convert their Rule 12(b)(6) motion to one for summary judgment under Rule 56. Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Rule 56(c) "'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Marten v. Godwin*, 499 F.3d 290, 295 (3d Cir. 2007) (quoting *Celotex*, 477 U.S. at 322-23). Defendants do not set forth any basis for the Court to convert their motion to one for summary judgment, and as previously stated, even if the Court were to consider the ILC, the record before the Court would still be inadequate to show Defendants bear no liability in this matter. The Court declines to consider a summary judgment motion at this early phase of the litigation without the benefit of discovery.

**B. Rule 12(b)(7) Motion**

A holding that joinder is compulsory under Rule 19(a) is a necessary predicate to a district court's discretionary determination under Rule 19(b) that the case must be dismissed because joinder of the party is not feasible and the party is indispensable to the just resolution of the controversy. *Janney Montgomery Scott, Inc. v. Shepard Niles, Inc.*, 11 F.3d 399, 404 (3d Cir. 1993). In their Rule 12(b)(7) motion, Defendants contend the Court should dismiss this action as Jones is a necessary party who cannot be joined[2] and is indispensable to this matter.

As to whether Jones is first, necessary, and second, indispensable, both findings require a determination as to the nature of Jones' ownership and control over the property. *See Johnson & Johnson v. Coopervision, Inc.*, 720 F. Supp. 1116, 1121 (D. Del. 1989) ("Determining whether a party is necessary requires a fact-specific examination of the interests implicated by the specific claims and underlying law at issue."). In this matter, there is a factual dispute about Jones' ownership status. The Complaint (ECF No. 5) alleges Defendants owned, maintained, repaired and rehabilitated the property prior to and on the date of the fire, and Defendants contend that Jones solely owned, maintained, and repaired the property as of May 1, 2020, nearly 18 months before the September 29, 2021 fire. As previously stated, the Court declines to reach any legal conclusions on the disputed fundamental facts of this matter at this early stage without the benefit of discovery.

Even assuming the Court were to consider the ILC and resolve this factual dispute in Defendants' favor, the record before the Court does not support that Jones is a necessary party. As to completeness, Plaintiff sufficiently alleges Defendants negligently renovated the property prior

---

[2] The parties do not appear to contest that joinder of Jones, a Pennsylvania resident, would not be "feasible" as it would deprive this Court of subject-matter jurisdiction.

to selling it to Jones, and discovery may reveal Defendants' actions during the renovation of the property caused Plaintiff's decedent's death. While the ILC may prove relevant to the issue of ownership of the property, as previously stated, it does not absolve Defendants of liability for all the actions alleged in the Complaint. As such, Plaintiff could be afforded complete relief against Defendants without the joinder of Jones. *See* Fed. R. Civ. P. 19(a)(1).

Defendants' legal arguments largely disregard Rule 19's sequential analysis and conflate the distinction between necessary and indispensable. To satisfy both requirements, Defendants argue that failing to join Jones would prejudice Defendants by forcing them to file a duplicative action against Jones for indemnification, which appears to be primarily based on Rule 19(a)(1)(B)(ii)'s requirement that a non-party is necessary if an existing party to the litigation may be "subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interests." Fed. R. Civ. P. 19(a)(1)(B)(ii).

The Third Circuit Court of Appeals has held that subsection (a)(1)(B)(ii) "was enacted to protect parties from a substantial risk of multiple or inconsistent obligations, not merely a possible risk." *Team Angry Filmworks, Inc. v. Geer*, No. 15-1381, 2017 U.S. Dist. LEXIS 41808, at *12 (W.D. Pa. Mar. 23, 2017) (citing *Sindia Expedition, Inc. v. Wrecked & Abandoned Vessel, Known as The Sindia*, 895 F.2d 116, 122 (3d Cir. 1990)). However, "a court considering [Rule 19(a)(1)(B)(ii)] must balance the plaintiff's choice of forum against the policies of judicial economy and fairness to other parties." *Id.* Subsection (a)(1)(B)(ii) protects litigants against multiple obligations; it does not protect parties against multiple legal actions. *Id.* at 123 (citing *Boone v. General Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir.1982); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 300-302 (3d Cir.1980)).

In this matter, Jones' liability to Defendants under Plaintiff's allegations remains only a possibility of a right to contribution and/or indemnity. The Third Circuit has determined that "[T]he possibility that [the defendant] may have a right of reimbursement, indemnity, or contribution against [the absent party] is not sufficient to make [the absent party] indispensable." *Janney*, 11 F. 3d at 412 (3d Cir. 1993) ("The mere fact...that Party A, in a suit against Party B, intends to produce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party." *Id.* at 409) (internal quotation omitted). Defendants have not shown they will be subject to any substantial risk of multiple or inconsistent obligations or that any of their rights to indemnity or contribution from Jones are prejudiced by this action. *See also Pol v. Smith Provision Co.*, No. 19-102 Erie, 2020 U.S. Dist. LEXIS 33005, at *6 (W.D. Pa. Feb. 26, 2020) (manufacturer was neither necessary nor indispensable in plaintiff's products liability suit regarding metal shards in a hot dog where defendant distributor contended the manufacturer placed the metal in the hot dog because the Court found suit could continue without the manufacturer and the distributor would still have the right to recover from the manufacturer if the distributor was found to be liable).

For the above reasons, Defendants' arguments fail to establish that Jones is a necessary party under Rule 19(a). Defendants have not shown that the Court could not grant complete relief to Plaintiff in Jones' absence or that Jones' absence raises a substantial risk of inconsistent or multiple obligations being imposed on the existing parties. As Defendants have not shown Jones is a necessary party, the Court need not move on to the second step in the joinder analysis and determine whether Jones, as a party who cannot be joined to this matter, is an indispensable party. *See* Rule 19(b); *Gen. Refractories Co. v. First State Ins. Co.*, 500 F.3d 306, 312 (3d Cir. 2007); *Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*, 723 F. Supp. 2d 676, 686 (D. Del.

2010) ("if a party is not necessary under Rule 19(a), the court need not conduct an analysis under Rule 19(b)."). The Court will deny Defendants' request to dismiss the action under Rule 12(b)(7).

## II. Conclusion

Based on the foregoing, the Court will DENY Defendants' Motion to Dismiss Plaintiff Latoya Pierce's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(7) (ECF No. 10) and Defendants are directed to file their answer and affirmative defenses on or before October 18, 2022.  An appropriate Order will issue.

Stephanie L. Haines
United States District Judge